IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAN SCHMIDT,

    Petitioner,

v.   CASE NO. 5:12-cv-00226-MP-EMT

PAM BONDI, MONICA DAVID, KENNETH S TUCKER,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 21, petitioner's Motion to Amend or Alter the order at Doc. 20, which affirmed the Magistrate Judge's denial of petitioner's motion for release pending resolution of his habeas petition.  In the order at Doc. 20, the Court relied upon cases such as Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593 (1972); Pennsylvania Bd. of Probation and Parole v. Scott, 524 U.S. 357, 118 S.Ct. 2014 (1998) and Washington v. U.S. Parole Comm'n, 2012 WL 1606344 (D.C. Cir. May 08, 2012), to opine that a state parole commission can exercise the quasi-judicial power of revoking supervision, returning an individual to prison and revoking gain time.  The petitioner, in the motion at Doc. 21, correctly points out that those cases dealt with parolees or probationers, and not specifically those serving mandatory conditional release like him.  He argues that

> [p]arole and conditional release are two different statutory animals....Parole is a discretionary function, an act of grace from the state....Mandatory conditional release is part of the offender's sentence which converts the gain time sentence credit a prisoner earns and accumulates [it] into an equal amount of mandatory supervision.

The Court disagrees with this statement and with petitioner's ultimate conclusion that "given that gain time sentence credit and mandatory conditional release supervision is part of the

punishment imposed pursuant to the state law, only the judiciary can initiate and revoke such supervision, forfeit gain time, and issue an order to FDOC to require a criminal defendant to continue to serv[e] some or all of the sentence imposed by the sentencing court." Instead, the Court agrees with the following language from our sister court in Brown v. McNeil, 591 F.Supp.2d 1245, 1259 (M.D. Fla. 2008), which considered whether the revocation of conditional release should be governed by the same standards as revocation of parole:

> Admittedly, Petitioner is neither a parolee (such as in Morrissey ), nor a probationer (such as in Bearden ). Nonetheless, there can be no question that the limited liberties Petitioner enjoyed while on conditional release supervision must be afforded the same protection under the Fourteenth Amendment as is accorded to probationers or parolees facing re-incarceration before he can be deprived of them. *See* Gillard v. State, 827 So.2d 316, 317 (Fla. 1st DCA 2002) (holding that due process considerations articulated in Morrissey apply in context of conditional release supervision violation hearing); Young v. Harper, 520 U.S. 143, 147, 117 S.Ct. 1148, 137 L.Ed.2d 270 (1997) (describing the nature of the liberty interest of a parolee as the freedom to "be gainfully employed," "to be with family and friends and to form the other enduring attachments of normal life"); Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (holding that resulting loss of liberty affords probationer with same due process protections as parolee at revocation proceeding). The State (which otherwise responded on the merits) has not argued otherwise, except to state that "[t]here is no federal right to ... conditional release supervision." Doc. 8 at 6. True enough, but once granted, those subject to conditional release supervision enjoy the same freedom as those on parole or probation, which " 'although indeterminate, includes many of the core values of unqualified liberty' and thus inherently 'falls within the protection of the Fourteenth Amendment.' " Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937, 942 (11th Cir.1987), *cert. denied*, 485 U.S. 981, 108 S.Ct. 1280, 99 L.Ed.2d 491 (1988) (quoting Morrissey, 408 U.S. at 482, 92 S.Ct. 2593). *See also*, Evans v. Singletary, 737 So.2d 505, 507 (Fla.1999) (explaining that Florida's Conditional Release program is a "probation-type program"); Lincoln v. Florida Parole Comm'n, 643 So.2d 668, 670 (Fla. 1st DCA 1994) (noting that pursuant to Florida statute section 947.1405, the Florida Parole Commission, charged with administering Florida's conditional release program, determines when an inmate will be conditionally released, what the terms and conditions of release shall be, whether those terms and conditions have been violated, and whether any such violations warrant revocation).

The Court agrees that a conditional releasee is entitled to only the same level of procedural

protection as a parolee or a probationer – the protections outlined in Morrissey.  As noted in the prior order, under Morrissey the "members of [neutral and detached hearing body] need not be judicial officers or lawyers" and made sure to "emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense..." Id. at 489.

The undersigned also finds persuasive the unpublished opinion of the Southern District in Bishop v. McNeill, Not Reported in F.Supp.2d, 2010 WL 3119626 (S.D.Fla. 2010):

> In this third claim, the petitioner also asserts that only courts have sentencing authority, and therefore, the DOC's alleged extension of his court imposed sentence by not giving him street time credit is unconstitutional, and violates the separation of powers doctrine. The law is clear that the "provisions of the federal constitution which delineate the powers of the three branches of the federal government have no application to the balance of powers in Florida's system of government, which is established in the state constitution." *See* Pacheco v. Dugger, 850 F.2d 1493 (11th Cir.1988) (denying separation of powers claim); *see also*, Internat'l Brotherhood of Teamsters v. Hank, 339 U.S. 470, 70 S.Ct. 773, 94 L.Ed. 995 (1950) ("The Fourteenth Amendment leaves the states free to distribute the powers of government as they will between their legislative and judicial branches."). Even if Florida's separation of powers doctrine is violated when DOC calculates a release date without credit for street time, it is clearly only a matter of state law, and not cognizable on habeas review.

(In this opinion, the term "street time credit" referred to conditional release supervision.)

For the above reasons, the undersigned continues to conclude that petitioner's habeas petition is not likely to succeed on the merits.  Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

The motion to amend or alter, Doc. 21, is denied.  The Motion to Assign Case to Available Judge in the Tallahassee Division, Doc. 19, is denied, as the undersigned is now available.  This case is remanded to the Magistrate Judge.

**DONE AND ORDERED** this *1st*  day of October, 2012

                         *s/Maurice M. Paul*
                         Maurice M. Paul, Senior District Judge